# Line *v.* Philadelphia, Harrisburg & Pittsburg Railroad Company, Appellant.

*Railroads—Condemnation proceedings—Viewers—Practice, C. P.—Damages.*

An order of the court of common pleas in condemnation proceedings referring back to the viewers their report with directions to state the quantity and quality of the land condemned, will not be reversed, where it appears that the effect of the order was merely to add matter as to which there was no dispute.

A verdict and judgment in a railroad condemnation proceeding will not be reversed on the ground that the jury allowed for probable injuries by flood to land not appropriated, where it appears that at the time of the trial the construction work had been completed, that there was no complaint of negligent construction, and the court in its charge carefully distinguished between injuries that might result from faulty construction, and those that would naturally result from the work, and limited the recovery to the latter.

There may be a recovery of damages in condemnation proceedings for the flooding of lands outside the limits of the lands condemned by a railroad company where the flooding is the natural result of the changing of the course of a stream made necessary by the construction of the railroad.

Argued May 23, 1907.   Appeal, No. 155, Jan. T., 1906, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1905, No. 57, on verdict for plaintiff in case of E. Janette Line v. The Philadelphia, Harrisburg & Pittsburg Railroad Company.   Before MITCHELL, C. J., FELL, BROWN, POTTER, and ELKIN, JJ.   Affirmed.

Appeal from award of jury of view.   Before SADLER, P. J.

From the record it appeared that on exceptions to report of viewers the court made the following order :

The report of the viewers does not distinctly set forth the quantity and quality of the land taken and occupied, and to this extent the first exception is sustained.   The value of the land taken, we understand to be embraced in the award of the damages.

And now, September 7, 1905, the report of the viewers is again referred to them, with directions to go upon the premises on Thursday, September 28, at ten o'clock, and to view and determine the quantity and quality of the land taken, and make report thereof to the court.

The record also showed the following agreement of counsel :

" Whereas the report of the viewers filed in the above case has been referred back to them to set forth the quantity and quality of the land taken and occupied.

" It is hereby agreed by the Attorneys for the Railroad Company and the Attorneys for the land owner, that the report of the viewers filed in this case be amended by the addition of the words, ' the land taken consists of two tracts con-

taining 1.265 acres and the second tract containing .726 acres.
The land of the first tract is farm land, having thereon
erected the house; the second tract consists of farm land.'

" This amendment is to be made by the Prothonotary, the
second meeting of the viewers being waived by consent; it
being agreed that the words added shall have the same force
and effect as if the said viewers had regularly met and made
the amendment and no further effect, and shall not be con-
strued and considered as a waiver of the right of the Rail-
road Company to except to and have reviewed the order of
the Court made in passing upon the exceptions filed by the
Railroad Company to the original report of the viewers in the
above proceeding."

At the trial the defendant moved the court to withdraw
from the consideration of the jury, the injury to the property,
testified to by a witness arising from the apprehended danger
by reason of the faulty or negligent construction by the de-
fendant of the mill race, for the reason that for any injury re-
sulting from said negligent and faulty construction the plain-
tiff has a special remedy at law.

The Court: Taking the testimony of the witness as a whole,
we understand the injuries he estimates arise from the addi-
tional water turned into the race, the change in the course
and direction of the race, and the manner in which the bridge
is constructed over it, and which he regards renders it so
manifest that there will be an overflow when there is any con-
siderable increase in the flow of water as to affect the market
value of the farm of the plaintiff to the amount stated, to this
extent, and in so far as his testimony goes to establish this,
we refuse to withdraw it, but you must not consider it in so
far as it shows apprehended danger by reason of alleged faulty
construction by the defendant of the mill race.   The prayer
to withdraw the testimony is refused, except as to the extent
stated.   The defendant excepts and a bill is sealed. [2]

*Errors assigned* were (1) order of the court as above, quot-
ing it; and (2) ruling on evidence, quoting the bill of excep-
tions.

*Conrad Hambleton*, with him *John W. Wetzel*, for appel-

lant.—The order was erroneous: Zack v. Penna. R. R. Co., 25 Pa. 394; Gwinner v. R. R. Co., 55 Pa. 126; Bowers v. Braddock Borough, 172 Pa. 596.

The jury wrongfully considered damages resulting from future flooding: Wallace v. Gas Co., 147 Pa. 205; P., F. W. & C. Railway Co. v. Gilleland, 56 Pa. 445; B. & O. R. R. Co. v. School District, 96 Pa. 65; Brown v. Ry. Co., 183 Pa. 38; Berninger v. Ry. Co., 203 Pa. 516; Denniston v. Phila. Co., 161 Pa. 41; R. R. Co. v. McKinley, 33 Ind. 274; Southside R. R. Co. v. Daniel, 20 Grattan (Va.), 344; Dearborn v. R. R. Co., 24 N. H. 179.

*S. B. Sadler*, with him *F. E. Beltzhoover*, for appellee.— Where viewers fail to state the quantity and value of land taken, the report will not be quashed, but will be recommitted, with directions to the viewers to file a report setting forth such facts: Boyd v. R. R. Co., 54 Pitts. L. J. 28; Penna. R. R. Co.'s App., 2 Walker, 506; Fitzpatrick v. Penna. R. R. Co., 10 Phila. 107; Hilltown Road, 18 Pa. 233; Yardley Borough, 22 Pa. C. C. Rep. 179; Pott's App., 15 Pa. 414; Towamencin Road, 9 Pa. Dist. Rep. 650; Herr's Mill Road, 14 S. & R. 204; Clinton Twp. Road, 3 Pa. C. C. Rep. 170; Springbrook Road, 64 Pa. 451; Del., Lack. & Western R. R. Co. v. Bursom, 61 Pa. 369; Hays v. Risher, 32 Pa. 169; Wilson v. City of Scranton, 141 Pa. 621; Ogden v. Philadelphia, 143 Pa. 430; Larkin v. Scranton, 162 Pa. 289; Bechtel v. Bechlersville Borough, 3 Pa. Dist. Rep. 713.

The point of time at which damages must be estimated for the taking and occupancy of land, under the right of eminent domain, is immediately after the said land has been appropriated and used: Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411; Wadhams v. R. R. Co., 42 Pa. 303; Dearborn v. R. R. Co., 24 N. H. 179.

In assessing damages against a railroad company, all such natural and probable consequences of the works in producing injury, as would fairly arise to the mind of an intelligent viewer, must be allowed for: Ry. Co. v. Gilleland, 56 Pa. 445; Denniston v. Philadelphia Co., 161 Pa. 41; P. & N. Y. Canal & R. R. Co. v. Madell, 1 W. N. C. 287; Hewitt v. Pittsburg, etc., R. R. Co., 19 Pa. Superior Ct. 304; McMinn v. Pitts-

burg, etc., R. R. Co., 147 Pa. 5; Fehr v. Schuylkill Nav. Co.,
67 Pa. 161; Updegrove v. R. R. Co., 132 Pa. 540; Hoffeditz
v. South Penn. Ry. & M. Co., 129 Pa. 264; Brown v. R. R.
Co., 183 Pa. 38; Watson v. R. R. Co., 37 Pa. 469; Dearborn
v. R. R. Co., 24 N. H. 179; B. &. P. R. R. Co. v. Magruder,
34 Md. 79; Aldrich v. R. R. Co., 21 N. H. 359; Dreher v.
Iowa S. W. R. R. Co., 59 Iowa, 599; D., L. & W. R. R. Co. v.
Salmon, 39 N. J. L. 299; VanSchoick v. Canal Co., 20 N. J. L.
249; Šteele v. Navigation Co., 2 Johnson (N. Y.), 283; Hoffer
v. Canal Company, 87 Pa. 221.

OPINION BY MR. JUSTICE FELL, June 3, 1907:

Two questions are raised by the assignments of error. The
first relates to an order of the court referring back to the view-
ers their report with directions to state the quantity and quality
of the land condemned; the second to the allowance of a recov-
ery for probable injuries by flood to land not appropriated.
In the order directing the view the land was described by
metes and bounds and the quantity stated. The report was
excepted to by the defendant for the reason that the quantity
and quality of the land were not set forth. This exception
was sustained and the report was sent back to the viewers
with direction to set out these facts. No exception was taken
to this order and by agreement of the parties filed of record a
statement of the quantity and a description of the land was
added without recalling the jury of view. The reference back
to the viewers was not that they should reconsider their find-
ing or any disputed matter, but that they should complete their
report by the addition of matter as to which there was no dis-
pute. In Springbrook Road, 64 Pa. 451, where viewers were
allowed to amend their report, it was said by SHARSWOOD, J.:
" It would be intolerable to set aside such report for merely
formal errors, where the amendment is made within the time
allowed by law for filing the orignal report."

In widening its road the defendant changed the course of a
millrace on the plaintiff's land to secure a better crossing and
increased the flow of water therein in order to have a larger
supply at its station. There was testimony tending to show
that the change in the course of the stream and the increase of
the flow of water would subject the plaintiff's land to overflow

at times of flood. The work of widening the roadway had
been completed. There was no complaint of negligent con-
struction. The plaintiff's claim was for depreciation in the
value of his land as a consequence of the plan of construction
which the defendant had adopted as best suited to its purpose.
The distinction between injuries that might result from faulty
construction and those that would naturally result from the
change in the course of the stream were carefully observed by
the learned trial judge in ruling on offers of proof and in the
charge, and the recovery was limited to the latter.

The judgment is affirmed.